UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.   **MEMORANDUM OF LAW & ORDER**
    Criminal File No. 7-322(6) (MJD/FLN)

(6) GABRIEL ANGEL MORENO-GONZALEZ,

      Defendant.

Tracy L. Perzel and Nathan P. Petterson, Assistant United States Attorneys, Counsel for Plaintiff.

Gabriel Angel Moreno-Gonzalez, pro se.

On September 10, 2008, Defendant Gabriel Angel Moreno-Gonzalez pled guilty to Count One of the single-count Superseding Indictment: Conspiracy to Possess with Intent to Distribute and to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 846.  On December 11, 2008, the Court sentenced Defendant to 120 months in prison, the statutory mandatory minimum sentence.  On December 9, 2009, the Eighth Circuit Court of Appeals

dismissed his appeal pursuant to the appeal waiver contained in the plea agreement.

Defendant has now filed the current Motion for Sentencing Relief under the Federal Prison Bureau Nonviolent Offender Relief Act of 2003. [Docket No. 221] He asserts that, because he is more than 45 years old, has never been convicted of a crime of violence, and has incurred no infractions while incarcerated, pursuant to the Relief Act, he is subject to release after serving one-half of his sentence of imprisonment. However, the Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is a bill that has been introduced in Congress but has never been enacted into law as a valid statute. See, e.g., United States v. Lara-Nausa, No. 98 CR. 707-6 JFK, 2011 WL 2610559, at *1 (S.D.N.Y. June 21, 2011).

This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons; 2) to the extent expressly authorized by statute or by Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively. 18 U.S.C. § 3582(c). See also

<u>United States v. Auman</u>, 8 F.3d 1268, 1270-72 (8th Cir. 1993).  In this case, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of Defendant's sentence; Rule 35, which permits correction of an error within 14 days of sentencing and reduction based on substantial assistance to the Government, does not apply; and Defendant was not sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission.  Therefore, the Court lacks authority to grant Defendant's motion.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion for Sentencing Relief under the Federal Prison Bureau Nonviolent Offender Relief Act of 2003 [Docket No. 221] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   August 8, 2016            s/ Michael J. Davis
                                   Michael J. Davis
                                   United States District Court